IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>Plaintiff<br><br>v.<br><br><br>COMCAST OF HOUSTON, LLC,<br>Defendant. | CIVIL ACTION NO.<br><br>COMPLAINT<br><br><br><br>JURY TRIAL DEMAND |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Lupe Gallegos (hereafter sometimes referred to as "the Charging Party" or "Lupe Gallegos") who was adversely affected by such practices. As alleged with greater particularly in paragraphs 9 through 11 below, Time Warner Cable L.P. d/b/a Time Warner Communications (hereafter referred to as "the Predecessor Employer"), was the legal predecessor to Defendant Comcast Houston, LLC, and was the employer of Lupe Gallegos. The Predecessor Employer segregated him and deprived him of equal terms and conditions of employment, and fired him, in violation of the ADA. Defendant Comcast Houston, LLC (hereafter referred to as "Defendant Successor Employer"), as the corporate successor-in-interest to the Predecessor Employer, is liable for the ADA violations committed by the Predecessor Employer against Lupe Gallegos.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §~ 451, 1331,1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, the Predecessor Employer and Defendant Successor Employer have continuously been doing business in the State of Texas and the City of Houston, and have continuously had at least 15 employees.

5. At all relevant times, the Predecessor Employer and Defendant Successor Employer have continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, the Predecessor Employer and Defendant Successor Employer have been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. Defendant Successor Employer is the corporate successor- in-interest to the Predecessor Employer.

8. Defendant Successor Employer is legally responsible for the ADA violations which were committed by the Predecessor Employer against Lupe Gallegos as more fully described in paragraphs 9 through 11 below.

## STATEMENT OF CLAIMS

9. More than thirty days prior to the institution of this lawsuit, Lupe Gallegos filed a charge with the Commission alleging violations of Title I of the

ADA by the Predecessor Employer. At all relevant times, Lupe Gallegos was and is a qualified individual with a disability (QUID) as defined by the ADA. All administrative conditions precedent to the institution of this lawsuit have been fulfilled.

10. Beginning in April 2004 through September 30, 2004, the Predecessor Employer engaged in unlawful employment practices at its South Wayside Drive warehouse #20 in Houston, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a). The Predecessor Employer unlawfully imposed different and more adverse terms and conditions of employment on Mr. Gallegos due to his disability. These adverse terms and conditions included, but were not limited to, segregating its "warehouse person" Lupe Gallegos from his co-workers because of his disability, by initially placing him in an isolated cubicle to work exclusively on a computer program, and later by assigning him to permanently work alone in the remote accessories area of the warehouse building where he was subjected to an unprecedented and unrealistic production quota and not provided adequate staff to manage an increased workload.

11. The Predecessor Employer further engaged in unlawful employment practices at its South Wayside Drive warehouse #20 in Houston, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a) when it discharged Lupe Gallegos peremptorily.

12. The effect of the practices complained of in paragraph(s) 9-11 above has been to deprive Lupe Gallegos of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability.

13. The unlawful employment practices complained of in paragraphs 9 through 11 above were intentional.

14. The unlawful employment practices complained of in paragraphs 9-11 above were done with malice or with reckless indifference to the federally protected rights of Lupe Gallegos.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining all Defendant Successor Employer, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in discrimination against disabled employees by subjecting them to different and more adverse terms and conditions of employment, segregating them from their co-workers, terminating

them because of their disabilities, and imposing any other employment practice which discriminates on the basis of disability.

  B. Order Defendant Successor Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of the unlawful employment practices by the Predecessor Employer.

  C. Order Defendant Successor Employer to make whole Lupe Gallegos, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief, including but not limited to front pay, necessary to eradicate the effects of the unlawful employment practices by the Predecessor Employer.

  D. Order Defendant Successor Employer to make whole Lupe Gallegos by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 9-11 above, including medical expenses and job search expenses, in amounts to be determined at trial.

  E. Order Defendant Successor Employer to make whole Lupe Gallegos by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 9-11 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendant Successor Employer to pay Lupe Gallegos punitive damages, in amounts to be determined at trial, for the malicious and reckless conduct committed by the Predecessor Employer, as described in paragraphs 9-11 above.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

JIM SACHER
Regional Attorney

ROSE ADEWALE-MENDES
Supervisory Trial Attorney


/s/_____
RUDY L. SUSTAITA
Attorney In Charge
SBOT 19523560
S.D. Fed ID No. 11850

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002
Telephone No. (713) 209-3401
Facsimile No. (713) 209-3402